1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,        Case No.  12cr3617-CAB
11                Plaintiff,          PRELIMINARY ORDER OF
                                      CRIMINAL FORFEITURE
12        v.
13   ISSAC SYMEON BRAGG,
         Aka "Tony Jones"
14
                Defendant.
15

16       WHEREAS, in the Indictment in the above-captioned
17  case, the United States sought forfeiture of all right,
18  title and interest in specific property of the above-
19  named Defendant pursuant to 18 U.S.C. §§ 1594(d) and 2253
20  as property, real or personal, used or intended to be
21  used to commit or to facilitate the commission of the
22  offense, and constituting or derived from, any proceeds
23  obtained directly or indirectly, as a result of the
24  offense in violation of 18 U.S.C. §§ 1591(a) and (b),
25  2251, and 2 as charged in the Indictment; and
26       WHEREAS, on or about September 25, 2013, the plea of
27  the above-named Defendant, ISSAC SYMEON BRAGG, aka "Tony
28  Jones" ("Defendant"), was accepted by the U.S. District

1 | Court, and which plea included consent to the criminal
2 | forfeiture allegations pursuant to Title 18 as set forth
3 | in the Indictment; and
4 |     WHEREAS, by virtue of the facts set forth in the plea
5 | agreement, the United States has established the
6 | requisite nexus between the forfeited property and the
7 | offense; and
8 |     WHEREAS, by virtue of said guilty plea, the
9 | United States is now entitled to possession of said
10 | properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)
11 | of the Federal Rules of Criminal Procedure; and
12 |     WHEREAS, pursuant to Rule 32.2(b), the United States
13 | having requested the authority to take custody of the
14 | following property which was found forfeitable by the
15 | Court, including, but not limited to:
16 |     (a) One Samsung Model R450 cell phone; and
17 |     WHEREAS, the United States, having submitted the
18 | Order herein to the Defendant through his attorney of
19 | record, to review, and no objections having
20 | been received;
21 |     Accordingly, IT IS HEREBY ORDERED, ADJUDGED
22 | AND DECREED:
23 |     1. Based upon the guilty plea of the Defendant, the
24 | United States is hereby authorized to take custody and
25 | control of the following asset, and all right, title and
26 | interest of Defendant ISSAC SYMEON BRAGG, aka "Tony
27 | Jones" in the following property is hereby forfeited to
28 |

the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   (a) One Samsung Model R450 cell phone; and

   2. The aforementioned forfeited asset is to be held by the Homeland Security Investigations (HSI) in its secure custody and control.

   3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

   4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of HSI's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

   5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be

signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED: 10/9/13

_____
HONORABLE CATHY ANN BENCIVENGO
United States District Court