UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ISAAC BRAGG,<br><br>                              Defendant. | Case No.:  12cr3617-CAB<br><br>**AMENDED ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE [Doc. No. 72]** |

On April 13, 2020, defendant Isaac Bragg filed a motion for sentence reduction pursuant to 18 U.S.C sec. 3582(c)(1)(A)(i). [Doc. No. 72.]  The government filed a response on May 1, 2020. [Doc. No. 76.]  On May 8, 2020, this Court issued an order requesting defendant file, no later than May 18, 2020, a supplemental submission showing evidence that he exhausted administrative remedies.  [Doc. No. 77.]  As of May 19, 2020, no supplemental submission had been filed.  Therefore, on May 19, 2020, the Court denied without prejudice the motion to reduce sentence.  [Doc. No. 78.]

On May 21, 2020, Defendant filed a reply.  [Doc. No. 80.]  Having reviewed and considered the late-filed reply, and for the reasons set forth below, the motion to reduce sentence is **DENIED WITHOUT PREJUDICE**.

Under 18 U.S.C § 3582(c), a court may not modify a term of imprisonment once it has been imposed except upon motion of the Director of the Bureau of Prisons ("BOP"),

or upon motion of the defendant.  Before filing such a motion on his own, the defendant must first petition the BOP to file such a motion on his behalf.  A court may grant the defendant's own motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Proper exhaustion is a prerequisite to the defendant initiating the motion for sentence reduction.  The statute requires defendant exhaust administrative remedies or wait 30 days before moving in court for a sentence reduction.  Section 3582(c) states that a court may not modify a term of imprisonment except when these conditions are met.  There is no statutory exception excusing the exhaustion requirement.  Before the court may even consider whether the defendant's circumstances are extraordinary and compelling to justify a sentence reduction, the defendant must first demonstrate he has met the criteria for bringing his motion to the court.

In his reply, Defendant argues that a letter sent by another inmate to the warden on March 1, 2020 [Doc. No. 80 at 12][1] should suffice to fulfill Defendant's exhaustion requirement.  [Doc. No. 80 at 5-6.]  First, Defendant concedes that, under BOP policy, one inmate may not submit a request for reduction in sentence on behalf of another inmate.  [Doc. No. 80 at 6.]  Moreover, the letter written by inmate Brown is generic and does not provide any of the grounds for relief that are presented in Defendant's motion to this Court.  For example, in the motion, Defendant asserts that he is particularly at risk for serious illness from COVID-19 because he suffers from hypertension, a Body Mass Index greater than 25, and a history of tuberculosis.  [Doc.

---

[1] The letter is written by inmate Terrence Brown to Warden Garrido "[o]n behalf of myself [Brown] and similarly situated inmates. . . " [Doc. No. 80 at 12.]  It is a generic request that the warden identify inmates over the age of 50 with pre-existing medical conditions and file motions to reduce sentences on their behalf.  *Id.*

1  No. 72 at 3.]  None of those items are mentioned in the letter by Inmate Brown.
2  Therefore, Inmate Brown's generic letter is insufficient to fulfill Defendant's exhaustion
3  requirement.  *See United States v. Mogavero*, 15cr74-JAD-NJK, 2020 WL 1853754, at
4  *2 (D. Nev. April 3, 2020)(proper exhaustion requires the inmate present the same factual
5  basis for the compassionate-release request to the warden as he presents to the court).
6       Accordingly, the motion to reduce sentence is **DENIED WITHOUT**
7  **PREJUDICE** for lack of jurisdiction.
8       **IT IS SO ORDERED**.
9  Dated:  May 22, 2020

                                            Hon. Cathy Ann Bencivengo
                                            United States District Judge