UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                         Plaintiff,<br><br>v.<br><br>ISAAC BRAGG. | Case No.:  12CR3617-CAB<br><br>**Order Denying Motion to Reduce Sentence**<br>**[Doc. No. 84]** |

Before the Court is defendant Isaac Bragg's renewed motion to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) and the Coronavirus Aid, Relief and Economic Security Action (CARES Act) directive issued by the U.S. Attorney General based on health risks posed by the COVID-19 pandemic. [Doc. No. 84.]

I.  Procedural Background

The defendant filed a motion for a sentence reduction on April 13, 2020. [Doc. No. 72.] Government opposed the motion on procedural and substantive grounds. [Doc. No. 76.] The Court found the defendant had not demonstrated that he exhausted administrative remedies before filing his motion with the Court and instructed the defendant to provide evidence he had submitted a compassionate release request to the warden. [Doc. No. 77.] The defendant did not supplement his motion as directed, so the motion was denied without prejudice for lack of jurisdiction.  [Doc. No. 78.]

On July 13, 2020, the defendant renewed his motion for sentence reduction and this time included an email, dated June 1, 2020 addressed to the warden, requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  [Doc. No. 84, Ex. 1.]

A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Thirty days having expired since the defendant submitted his June 1, 2020 request to the warden, the Court finds the defendant has now exhausted administrative remedies and the Court may consider his motion on the merits.  As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction.  *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020.)

The Court finds the motion suitable for determination on the papers.[1]  The motion is DENIED without prejudice.

II.  Case Background

The Defendant was sentenced on June 27, 2014 to 144 months in the custody of the Bureau of Prisons (BOP), followed by a seven-year term of supervised release, on one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591.  [Doc. No. 71].  At this time, he has completed approximately two-thirds of his term of incarceration.

Defendant pled guilty to the sexual exploitation of a 17-year old girl.  He posted sexually-explicit photos of her on an internet site that advertised her for prostitution and he took money from the services she earned engaging in those commercial sex acts.  The

---

[1] The government addressed the defendant's request on the merits previously, and the Court finds that no new issues have been raised that require further briefing from the government.

offense carried a mandatory minimum sentence of 120 months and the defendant's guideline range was calculated at 151 to 188 months. [Doc. Nos. 65, 66.]

The defendant had previous criminal convictions for assault with a firearm, and for conspiracy to commit prostitution. He had parole revocations for associating with known prostitutes. He also had a series of arrests for violence toward women, possession of weapons and controlled substances. He had a history violations of court orders. He reported no physical health issues except a history of childhood scoliosis that required the use of a cane. [Doc. No. 53.]

The Court considered all the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, the need for general deterrence and the defendant's personal characteristics and other mitigating factors in arriving at a slightly below guideline sentence of 144 months. [Doc. No. 294.] The defendant has served approximately two-thirds of that sentence.

III. Compassionate Release Considerations

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Court considered the § 3553(a) factors at the time of sentencing and those considerations remain largely unchanged. The defendant was involved in the sexual exploitation of a minor and was earning a living by prostituting girls and women. His history demonstrated he was a danger to the community.

At the time of sentencing the coronavirus pandemic did not exist and the consequences it would have on incarcerated populations were not therefore considered by the Court. The defendant asks for early release to home confinement due to the COVID-19 virus and the dangers of exposure in the prison environment.

In support of his motion the defendant reports that during his custody he has been a model prisoner with no disciplinary incident reports.  He is working on an associate's degree and has engaged in positive social and spiritual behavior.  He contends he is a "changed man" and is ready to return to society as a productive and law-abiding member. [Doc. No. 72.] He further represents he is a 40-year old African-American with high blood pressure and a history of tuberculosis therefore making him more vulnerable to serious complications should he contract the virus.  [Doc. No. 84.]

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement.  He does not have a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility.  USSG 1B1.13, cmt. n.1 (A).

Pursuant to the CARES Act, PLI 116-136, Section 12003(b)(2), however, the U.S. Attorney General issued a directive to the Director of the BOP to designate, upon considering the totality of the circumstances concerning each inmate, qualified inmates for home confinement to mitigate the risks of COVID-19 transmission in BOP institutions and for the safety of inmates most vulnerable to the virus and who pose the least threat to the community.

The CARES Act directive authorized the release of prisoners to home confinement who meet the following criteria: 1) demonstrate a suitable confinement plan; 2) pose no risk to society; 3) possess a low PATTERN score; and 4) have underlying CDC-defined health risks that make a defendant most vulnerable if exposed to the virus.

The defendant has not been recommended by the BOP for early release to home confinement pursuant to the CARES Act directive.  Although he has represented a plan for a suitable confinement plan and that he is no longer a risk to society, he does not meet the CDC criteria of those most vulnerable to serious risk of complications if exposed to the virus, i.e., 65 or older, a chronic or serious medical condition such as cancer, diabetes or heart disease.  The defendant is 40 years old, with high blood pressure.  He does not indicate

whether his blood pressure is managed by medication. He represents a history of tuberculosis with no specifics regarding when or corroboration. The Court notes that neither of these conditions were included in his medical information at the time of his sentencing. Although untreated high blood pressure may increase the chance of complications if the defendant contracts the virus, this alone does not meet the CDC criteria of serious risk for complications placing the defendant in the "most vulnerable" category.

The Court finds that the defendant's circumstances do not meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or the CARES Act directive. The defendant's concerns about potential exposure to the COVID-19 virus alone do not qualify as extraordinary and compelling reasons to reduce his sentence.

Defendant's Motion to Reduce his Sentence is **DENIED**.

IT IS SO ORDERED.

7/21/2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge