UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>ISAAC SYMEON BRAGG,<br><br>         Defendant. | Case No.: 12cr3617-CAB<br><br>Order Denying Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)<br>[Doc. No. 86] |
|---|---|

Before the Court is defendant Isaac Symeon Bragg's motion to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 86.] The government filed an opposition to the motion. [Doc. No. 88.] The defendant filed a reply. [Doc. No. 89.]

I. Procedural Background

On February 1, 2021, the defendant filed a motion requesting reduction in sentence to time served.  A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

On or about December 14, 2020, the defendant submitted a request to the warden for compassionate release due to the death of his minor children's mother and the assertion he is the only caregiver available to provide the children with a stable home and proper

health care. [Doc. No. 89, at 3.[1]] Defendant represents his request was denied on January 18, 2021. [Doc. No. 86, at 4.] Although there is no record that the defendant appealed the denial, over 30 days have expired since the defendant submitted his request to the warden, therefore Court finds the defendant has exhausted administrative remedies and the Court may consider his motion on the merits. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 452 F.Supp.3d 964, 969 (D. Or. 2020).

Court finds the motion suitable for determination on the papers. For the reasons set forth below, the motion is denied.

II. Case Background

On August 22, 2013, the defendant entered a guilty plea to one count of sex trafficking of minors, in violation of 18 U.S.C. §§ 1591. [Doc. Nos. 48, 49.] The defendant admitted to posting online prostitution ads, which included pornographic photographs of the minor, offering a 17-year old female for commercial sex acts for financial gain. [Doc. No. 48, at 4.] The offense was subject to a mandatory minimum 120-month sentence. [Id.]

The defendant has prior arrests and convictions for assault with a firearm, pimping, drug possession and domestic violence. His parole was revoked for associating with known prostitutes and he was on parole when he committed the instance offense. [Oc. NO. 53.] The defendant was not eligible for relief from the statutory mandatory minimum custodial sentence of 120 months. The government calculated a guideline range of 151-188 months and recommended a slightly below guideline custodial sentence of 144 months. [Doc. No. 65.] Defendant requested a custodial sentence at the mandatory minimum, 120 months. [Doc. No. 66.]

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

On June 27, 2014, the court sentenced the defendant to the 144 months in the custody of the Bureau of Prisons (BOP), followed by a seven-year term of supervised release. [Doc. Nos. 70, 71.] At this time, defendant has completed approximately 102 months of his term of incarceration in this case. [Doc. No. 88, at 1.]

The court sentenced the defendant to the slightly below guideline term, finding it an appropriate sentence balancing the defendant's personal history and characteristics and the seriousness of this offense. Considering all the §3553(a) factors, the sentence provided adequate punishment, deterrence and protection for the public. [Doc. No. 70.]

### III. Compassionate Release Considerations

In general, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds (1) that "extraordinary and compelling reasons" justify the reduction; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

The defendant requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) asserting that he is the only available caregiver for his two minor children due to the sudden death of his fiancé, the children's mother. *See* USSG §1B1.13, cmt. nt.1(C)(i) (Listing as an extraordinary and compelling reason for compassionate release, "the death or incapacitation of the caregiver of the defendant's child or minor children.") The records provided by the defendant do not however support his assertion that the children "are about to be placed in child services" and he is "the only person able to take care of [his] children." [Doc. No. 86, at 6.]

The children's mother died some time prior to August 15, 2019 and court records provided by defendant demonstrate that at least as of that date they were in the joint guardianship of their maternal grandmother and paternal aunt and uncle. [Doc. No. 86, at to 23.] The children's aunt and uncle moved to terminate the guardianship rights of the

grandmother, alleging the grandmother was incapacitated to provide for their care. The same records however reflect that the children's aunt and uncle were more than willing to assume full guardianship and provide a stable and safe home for the two minors. [Id.] Additionally two maternal aunts, who already had guardianship of the children's stepsister (not related to the defendant) also petitioned in November 22, 2019 for guardianship to provide the children a safe home, proper education and the ability to grow their sibling relationship with their step-sister. [Id., at 24-37.]

These documents demonstrate that there are caregivers available for the children whom defendant has not established are incapacitated. The record does not support the defendant's assertion his children are about to be placed in child services with no available caregiver. To establish the extraordinary and compelling requirement for a sentence modification, the defendant must make "a robust evidentiary showing that defendant is the only available caregiver." *United States v. Richardson*, No. 18CR507, 2020 WL 2200853 at *2 (E.D.N.C. May 6, 2020); *United States v. Cruz-Rivera*, No. 11-43, 2020 WL 5993352 at *5 (E.D.P.A. October 9, 2020 (district courts routinely deny motions for compassionate release when inmates cannot show that they would be the only available caregiver (collecting cases)).

The defendant has not established that his family circumstances are extraordinary and compelling. The Court therefore does not reach the issue of whether the defendant poses a danger to the community.

IV. Conclusion

The court finds that the defendant has not established that his circumstances meet the "extraordinary and compelling reasons" consistent with applicable policy statements

/////

/////

/////

issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The defendant does not qualify for a reduction in his sentence.

Defendant's Motion is **DENIED**.

IT IS SO ORDERED.

Dated: February 19, 2021

Hon. Cathy Ann Bencivengo
United States District Judge