UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>ISAAC SYMEON BRAGG,<br><br>         Defendant. | Case No.:  12cr3617-CAB<br><br>Order Denying Defendant's Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House Placement<br>[Doc. No. 91] |

Before the Court is defendant Isaac Symeon Bragg's motion requesting a judicial recommendation concerning length of RRC/Halfway House placement. [Doc. No. 91.] The government filed an opposition to the motion. [Doc. No. 95.]  The Court finds the motion suitable for determination on the papers.  For the reasons set forth below, the motion is DENIED.

BACKGROUND

On August 22, 2013, Defendant pled guilty to Sex Trafficking of Children. See Doc. Nos. 45, 48, 49. This Court sentenced him to 144 months of imprisonment. See Doc. Nos. 70-71. On November 8, 2021, Defendant filed this motion requesting the Court recommend that the BOP place Defendant in a Residential Re-entry Center (RRC) for the maximum possible term of 12 months preceding the end of his custodial sentence. Doc. No. 91.

DISCUSSION

The Court may make any recommendation it finds appropriate regarding RRC placement, but ultimately the BOP makes the final determination on when, or if, to release

a prisoner to a RRC. See 18 U.S.C. 3621(b) ("a designation of a place of imprisonment under this subsection is not reviewable by any court"). When the BOP decides to release a prisoner to a RRC can depend on the inmate's accumulation of time credits earned through rehabilitative prison programming, see 18 U.S.C. 3632(d), but it generally cannot exceed 12 months. See 18 U.S.C. 3624(c).

The Second Chance Act, 42 U.S.C. §§ 17501 – 17555, was enacted, in part, to establish a Federal Prisoner reentry initiative. Consistent with the Second Chance Act, the BOP has established policies and practices to facilitate effective community placements, which have been compiled in memoranda. See, e.g., Doc. No. 91 at 9-14 (BOP's June 24, 2010 "Revised Guidance for Residential Reentry Center Placements"). The factors to be used in an individual's assessment are described in the BOP's 2010 memorandum. Doc. No. 91 at 10. The general guidelines for length of RRC placement are also established. Doc. No. 91 at 12-14.

Defendant argues that: (1) he has an elevated risk of recidivism, (2) the stigma for his charges is indelible and he will struggle to find a job and housing when released to the community, (3) he has successfully completed numerous BOP programs to prepared for his release, (4) he is young enough to be reformed and rejoin law abiding society, which would be aided by prolonged placement at a RRC, and (5) a 12 month placement at a RRC would be consistent with the Second Chance Act. Doc. No. 91 at 2-3.

Assuming all of that is true, there are other factors that the BOP must weigh in determining the placement. For example, Defendant may still pose a threat of danger to the community that cannot be adequately managed at a RRC, making the placement ill advised, or there may be other inmates more in need of the BOP's limited resources with regard to RRC placement. On the other hand, Defendant may be the ideal candidate for a 12-month RRC placement. However, neither the parties nor the Court is well placed to make the determination. Therefore, the Court defers from making a specific recommendation of a 12-month RRC placement for Defendant. Rather the BOP shall make the determination of

eligibility and length of RRC placement according to the established principles and procedures.

## CONCLUSION

For the reasons set forth above, the motion requesting a judicial recommendation concerning the length of RRC/Halfway House placement is DENIED.

**IT IS SO ORDERED.**

Dated: November 30, 2021

Hon. Cathy Ann Bencivengo
United States District Judge